UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22513-Civ-COOKE

IN THE MATTER OF THE SEIZURE OF

ALL FUNDS ON DEPOSIT IN BANK OF
AMERICA ACCOUNT NUMBER
898004312540, IN THE NAME OF
ROSEMOND D CORPORATION D/B/A
MULTINVEST, *et al.*
_____/

**ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**

THIS CASE is before me on the United States of America's (the "Government") Motion to Dismiss Multinvest Casa De Bolsa, C.A.'s ("Multinvest") Amended Motion for Return of Property and to Unseal Seizure Warrant Affidavit. [ECF No. 7].  For the reasons explained below, the Government's Motion to Dismiss is granted.

*I. BACKGROUND*

On or about March 23, 2009, The United States District Court for the District of Massachusetts issued seizure warrants for three bank accounts located at a Bank of America in the Southern District of Florida.  [ECF No. 3].  Pursuant to those warrants, the Government seized $18,380,697.75 (the "Account Funds") belonging to Multinvest.

On August 26, 2009, Multinvest filed a Motion for Return of Property and to Unseal Seizure Warrant Affidavit in the Southern District of Florida pursuant to Fed. R. Crim. P. 41(g) and 18 U.S.C. § 983.  [ECF No. 1].  That same day, Multinvest also served the Government with a claim letter asserting its right to the seized Account Funds.  [*Id.*].  In response to Multinvest's

Motion, on November 19, 2009, the Government filed a sealed Verified Complaint for Forfeiture *In Rem* (the "Verified Complaint") in the United States District Court for the District of Massachusetts (*U.S. v. $18,380,697.75 in U.S. Currency, et. al.*, No. 4:09-CA-11986-TSH), alleging that there was probable cause to believe that the Account Funds were involved in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), were derived from proceeds traceable to offenses constituting a "specified unlawful activity," as defined by 18 U.S.C. § 1956(c)(7), and were intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. [ECF No. 8].

On November 30, 2009, Multinvest filed an Amended Motion for Return of Property and to Unseal Seizure Warrant Affidavit, alleging that the Government unlawfully seized the Account Funds and failed to file a complaint for forfeiture pursuant to 18 U.S.C. § 983(a)(3)(A)[1]. [ECF No. 3]. The Government subsequently filed a Motion to Dismiss. [ECF No. 7]. On April 16, 2010, eight months after Multinvest initiated this action in the Southern District of Florida, Multinvest filed a verified claim for the Account Funds (the "Verified Claim") in the District of Massachusetts.

## II. LEGAL STANDARD

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41 (g). In deciding a motion for return of property, a court must consider four factors: (1) whether the government seized the property "in callous

---

[1] "Not later than 90 days after a claim [for property] has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." 18 U.S.C § 983(a)(3)(A).

disregard for the constitutional rights" of the petitioner; (2) whether the petitioner has an individual interest in, and need for, the material sought to be returned; (3) whether the petitioner would be irreparably injured by denial of the return of the property and; (4) whether the petitioner has an adequate remedy at law. *In the Matter of $67,470.00*, 901 F.2d 1540, 1545 (11th Cir. 1990) (citing *Richey v. Smith*, 515 F.2d 1239, 1234-44 (5th Cir. 1975). Notwithstanding a petitioner's disregarded rights, injury, or interest in the property, a court should not exercise jurisdiction to review the merits of a forfeiture action when the petitioner fails to pursue an adequate remedy at law. *Id.* (citing *In re Harper*, 835 F.2d 1273, 1274-75 (8th Cir. 1988).

### III. ANALYSIS

The Government argues that Multinvest's Motion for Return of Property should be dismissed because this Court does not have *in rem* jurisdiction over the Account Funds. I agree. "A civil forfeiture action is not an action *in personam* against the claimant of the property; rather it is an action *in rem* against the property itself." *U.S. v. Four Parcels of Real Property in Green and Tuscaloosa Counties*, 941 F.2d 1428, 1435 (11th Cir. 1991). "[*I*]n rem jurisdiction must encompass the right of the court originally asserting jurisdiction to control and dispose of the property." *U.S. v. $270,000 in U.S. Currency*, 1 F.3d 1146, 1148 (11th Cir. 1993). "The court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of [another]." *Id.* The District of Massachusetts first assumed jurisdiction over the Account Funds when they were seized. That court has control over the Account Funds and can dispose of them. Accordingly, the District of Massachusetts has *in rem* jurisdiction to the exclusion of the Southern District of Florida.

Apart from this Court's lack of jurisdiction, Multinvest's request for relief is procedurally improper. "It is well-settled that the proper method for recovery of property which has been

subject to civil forfeiture is not the filing of a Rule 41([g]) motion, but filing a claim in the civil forfeiture action." *U.S. v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989) (citations omitted).  Civil forfeiture proceedings are governed by the Civil Asset Forfeiture Act ("CAFRA"), 18 U.S.C. § 981 *et seq*.  "CAFRA expressly provides that a claimant who wishes to file a claim contesting a government's judicial civil forfeiture action must comply with the requirements of the Supplemental Rules."  *U.S. v. $114,031 in U.S. Currency*, 284 Fed. Appx. 754 (11th Cir. 2008); 18 U.S.C. § 983(a)(4)(A).  "Supplemental Rule C(6)(b)(i) provides that after execution of process for an *in rem* action, 'a person who asserts a right of possession for any ownership interest in the property that is subject of the action must file a [verified claim].'"  *Dresdner Bank AG v. N/V Olympia Voyager*, 463 F.3d 1233, 1237 (11th Cir. 2006).  Compliance with Supplemental Rule C(6)(b)(i) is "obligatory."  *Id.*

Multinvest filed its Verified Claim in the District of Massachusetts on April 16, 2010.  By doing so, Multinvest submitted to the jurisdiction of the court where Multinvest has an adequate remedy of law.  *See $67,470.00*, 901 F.2d at 1545; *Penn General Casualty Co. v. Commonwealth*, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935) (in rem action requires the court to have possession or control of the property "in order to proceed with the cause and to grant the relief sought").  Due to the Southern District of Florida's lack *in rem* jurisdiction over the Account Funds and the existence of an adequate remedy of law in the District of Massachusetts, this Court cannot provide Multinvest with any degree of judicial relief.

### IV.  CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss is **GRANTED**.  The Clerk shall close this case. All pending motions are denied as moot.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 21st day of September 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*